UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODROW BARFIELD,

        Plaintiff,

v.                                           Case No. 07-10826
                                               Hon. Patrick J. Duggan

        Defendant.
_____/

## ORDER OF DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 16, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff, a state prisoner at Southern Michigan Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against unnamed defendants in their official capacities.

Federal district courts must "undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), *rev'd on other grounds by Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007). However, because Plaintiff prepaid the filing fee for this action, the Court may not summarily dismiss his complaint under 28 U.S.C. § 1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). *Benson* does not prohibit federal courts from screening fee-paid prisoner civil rights complaints under

§1915A.[1]  *See Hyland v. Clinton*, 3 Fed. Appx. 478, 479 (6th Cir. 2001).

Pursuant to § 1915A, a federal court must screen and dismiss a prisoner's civil rights action, or any portion of it, if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint is frivolous and fails to state a claim because he failed to name a defendant in the section of his form complaint designated for information about the defendant. "[D]amage claims against governmental officials alleged to arise from violations

---

[1]The Sixth Circuit has stated:

> The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *rev'd on other grounds by Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007).

2

of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original).

The statement of facts in Plaintiff's complaint suggests that he may be suing unnamed health care administrators at Southern Michigan Correctional Facility. To the extent that Plaintiff is suing the Michigan Department of Corrections and its Bureau of Health Care Services for monetary damages or injunctive relief, or state officials in their official capacities for monetary damages, his complaint is frivolous and fails to state a claim. The Eleventh Amendment bars civil rights actions for monetary damages and injunctive relief against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71, 109 S. Ct. 2304, 2309, 2312 (1989).[2] The Eleventh Amendment also bars civil rights actions for monetary damages against state officials in their official capacities. *Id.* at 71, 109 S. Ct. at 2312.

Because Plaintiff has failed to name a defendant or defendants and because the complaint fails to set forth specifically the alleged wrongful acts which Plaintiff attributes

---

[2] The Michigan Department of Corrections is "an administrative agency within the executive branch of Michigan's government." *Hopkins v. Michigan Parole Bd.*, 237 Mich. App. 629, 636; 604 N.W.2d 686, 690 (1999). The Bureau of Health Care Services is "responsible for the Department's health services program, including coordinating and monitoring all health care services." Mich. Dept. of Corr. Policy Directive 03.04.100 J. (Feb. 14, 2005).

to a particular defendant, Plaintiff's complaint shall be dismissed without prejudice.[3]

**SO ORDERED.**

_ s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date: May 16, 2007

Copies to:
Woodrow Barfield
#144360
4002 Cooper St.
Jackson, MI 49201

---

[3]Dismissing a complaint without prejudice does not preclude a plaintiff from filing another complaint. However, should Plaintiff elect to file another complaint, such complaint will again be dismissed unless it contains a name or names of defendants and contains specific allegations with respect to any named defendant.